UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JESUS VIRAMONTES-RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:07-CV-0333 PS |
| | ) | |
| JOHN J. WIDUP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Jesus Viramontes-Ramirez filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Porter County Jail officials and United States Marshal David Murtaugh violated his federally protected rights while he has been confined at the Porter County Jail as a Federal pretrial detainee. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of

*pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

Viramontes-Ramirez brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

In his complaint's first rhetorical paragraph, as supplemented by issues one, two, and three of his statement of claim, Viramontes-Ramirez asserts that the jail's surveillance of inmates by means of security cameras is a "violation of my right to privacy." (Complaint at p. 3). His statement of claim's first issue is that the jail has cameras inside the cells in the intake area of the jail where inmates are housed for the first few days after their arrival at the jail. His second issue deals with cameras monitoring the shower area. He states that the shower itself is screened but that the area in front of the shower "allows cameras to record and view nude inmates while they are in any of the three shower stalls and while they are out of it drying off." (Statement of Claim at pp. 2-3). In his third issue, he alleges that there are cameras in the pod where he is currently

2

confined that allow officers to record and view anyone seated on the pod's two toilets. Viramontes-Ramirez's allegations that the jail's surveillance policies and practices violated his right to privacy, however, state no claim upon which relief can be granted. In weighing the privacy interests of an inmate against the legitimate security concerns of the jailer, the privacy interests of the inmate almost always must yield.   As the Seventh Circuit has stated:

> A prison shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. . . . We strike the balance in favor of institutional security, which we have noted is central to all other corrections goals. . . . A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order. . . . We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security. We believe that it is accepted by our society that loss of freedom of choice and privacy are inherent incidents of confinement.

*Hudson v. Palmer*, 468 U.S. 517, 527 (1983) (citations, quotation marks, and brackets omitted). On the specific issue of whether female guards can monitor male inmates – even when they are in the shower or on the toilet – the Seventh Circuit has specifically held that they can. *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995).

In issue four of his statement of claim, Viramontes-Ramirez alleges that jail officials violated the Fourteenth Amendment's equal protection clause because female officers and nurses have access to male housing areas, but male custody staff do not directly supervise female inmates. He alleges that this practice discriminates against male inmates because female inmates "are provided a measure of dignity" denied to male inmates. (Statement of Claim at p. 9).

But assigning female officers to monitor male pretrial detainees while not assigning male officers to monitor female prisoners does not violate the equal protection clause. In *Johnson v. Phelan*, the plaintiff alleged, as does Viramontes-Ramirez, that jail officials violated the Fourteenth Amendment's equal protection clause by allowing female guards to monitor male

3

pretrial detainees' movement and see them naked in their cells, shower, and toilet, while not subjecting female prisoners to the same indignities. The United States Court of Appeals for the Seventh Circuit held that the district court "properly rejected Johnson's argument that different monitoring patterns in different cellblocks within the Jail violate the equal protection clause of the fourteenth amendment." *Johnson*, 69 F.3d at 145.

Viramontes-Ramirez next submits a series of claims seeking damages for conditions of confinement at the Porter County Jail. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Id*. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

In *Martin v. Tyson*, 845 F.2d 1451 (7th Cir. 1988), a pretrial detainee protested jail conditions. The court observed that "the conditions at the Marshall County Jail may be far from ideal. But again, the Marshall County Jail is a small, rural jail, and jails do not have to duplicate the amenities of small, rural hotels. In order to make out a claim under 42 U.S.C. § 1983, Martin must show that intentional actions of the defendants served to deprive him of a constitutional right. . . . He has not been constitutionally harmed here." *Id.* at 1457 (citations omitted).

With this background in mind, I will now address the specifics of Viramontes-Ramirez's claims relating to the conditions of his confinement. In his complaint's second rhetorical paragraph, Viramontes-Ramirez alleges that the roof of the cellhouse leaks, and that "when it

4

rains outside it also it rains inside my cell." (Complaint at p. 4). He states that he has "often slipped and fell in the flood water in the dark of night, getting up to use the restroom." (Complaint at p 4).

Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). "To state a claim under the Eighth Amendment, [a plaintiff] must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for [his] welfare in the face of serious risks." *Id.* at 124 (citations omitted). That a jail roof may leak does not constitute obduracy and wantonness on the part of jail officials, or pose a serious risk to Viramontes-Ramirez's welfare. "Slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (internal quotation and citation omitted); *Reynolds v. Powell*, 370 F.3d 1028, (10th Cir. 2004) (same).

In his complaint's third rhetorical paragraph, Viramontes-Ramirez deals with jail policies regarding clothing and Staph disease. In issue five of his statement of claim, Viramontes-Ramirez alleges that prisoners are issued one uniform to wear for a week. But providing one uniform a week does not deprive the prisoner of the minimal civilized measure of life's necessities, and Viramontes-Ramirez does not allege that he suffered any actual harm from this practice.

In issue six of his statement of claim, Viramontes-Ramirez alleges that the jail does not provide indigent inmates with underwear. If jail officials did not provide underwear to an indigent prisoner who did not have his own, and the prisoner suffered actual harm, then it might state a claim upon which relief could be granted. But Viramontes-Ramirez does not allege that he suffered any actual harm from this policy; he does not even allege that he was one of the inmates who may have gone without underwear. Moreover, the statement of his inmate trust account he submitted along with his motion to proceed *in forma pauperis* establishes he is not

5

indigent. According to his submissions, Viramontes-Ramirez had an average monthly balance of $164.96 in his prisoner trust account in the six months before he filed this complaint. Accordingly, Viramontes-Ramirez is not indigent and was in a position to purchase underwear. Viramontes-Ramirez may not assert the rights of any other inmate who may have suffered actual harm from this policy because he lacks standing to do so. *See Elk Grove Unified School District v Newdow*, 542 U.S. 1, 12 (2004).

Issue seven of the complaint addresses Staph disease. Viramontes-Ramirez alleges that conditions that the defendants mandate or allow are conducive to the spread of Staph. (Statement of Claim at pp. 22). He also alleges that inmates with Staph disease do not receive adequate diagnostic tests and treatment. But once again, obduracy and wantonness, rather than inadvertence or mere negligence, characterize conduct prohibited by the Eighth Amendment. To state an Eight Amendment claim, a plaintiff must allege facts sufficient to establish that the defendants possessed a total unconcern for his welfare in the face of serious risks. *McNeil v. Lane*, 16 F.3d at 124. Viramontes-Ramirez's claim that the defendants did not properly ensure that inmates cleaned the cells and the housing unit and did not enforce personal hygiene requirements on inmates (Statement of Claim at p. 24) does not deprive him of the minimal civilized measure of life's necessities, and he does not allege that he has suffered any actual harm from these conditions.

Viramontes-Ramirez asserts that the jail does not properly diagnose and treat inmates who have Staph disease. But again he does not allege that he has Staph disease, and he may not assert the rights of any other inmate who may have suffered actual harm from this policy because he lacks standing to do so. *See Elk Grove Unified School District v Newdow*, 542 U.S. at 1.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court DISMISSES this complaint and DIRECTS the clerk to close this case.

**SO ORDERED.**

ENTERED: December 13, 2007

s/ Philip P. Simon  
Philip P. Simon, Judge  
United States District Court
